# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | | |
|---|---|---|
| **MARIA ELLEN ROLWING, aka RIA ROWLING, et al.,**<br>  *Plaintiffs,*<br><br>v.<br><br>**PERMIAN RESOURCES OPERATING, LLC,**<br>  *Defendant.* | §§§§§§§§§§§ | **P:24-CV-0050-DC** |

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

BEFORE THE COURT is the report and recommendation from United States Magistrate Judge David B. Fannin concerning Defendant Permian Resources Operating, LLC's ("PRO") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 4). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Magistrate Judge Fannin issued his report and recommendation on March 19, 2025. (*Id.*). As of the date of this order, no party has filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy and, in doing so, secure *de novo* review by the district court. When no objections are timely filed, a district court reviews the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because no party has

filed timely objections, the Court reviews the report and recommendation for clear error, finding none.

At issue is PRO's failure to timely file its Rule 7.1(a)(2) disclosure statement, which was due upon the filing of its Motion to Dismiss in November 2024. (Doc. 4). Under Federal Rule of Civil Procedure 7.1, in diversity jurisdiction cases like this one, parties must file disclosure statements identifying the citizenship of every individual or entity whose citizenship is attributed to the party, unless the Court directs otherwise. Fed. R. Civ. P. 7.1(a)(2). These statements serve an essential purpose, allowing courts to determine diversity with early and accurate precision. *Manssor v. NRRM, LLC*, No. EP-23-CV-00236, 2023 WL 4093413, at *1 (W.D. Tex. June 20, 2023); Fed. R. Civ. P. 7.1(a)(2) (advisory committee's note to 2022 amendment).

PRO blew past that initial deadline. Then, several months ago, it informed the Court that it would file the required disclosure "shortly." (Doc. 9 at 10). But as of the date of the report and recommendation, PRO had failed, yet again, to file.

Because the Court still lacked the disclosures, the report and recommendation suggested that this Court deny PRO's motion to dismiss without prejudice and, upon adoption of the report by this Court, that PRO be ordered to file the disclosures within 30 days. (Doc. 11 at 4). The Court now reviews the report and recommendation, and PRO has since filed its required disclosures. (Doc. 12).

Because a report and recommendation is based off the record before it at the time it is issued, and because at the time of its issuance, PRO had yet to file its disclosures, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge.

(Doc. 4). Defendant's motion to dismiss, (Doc. 4), is therefore **DENIED WITHOUT PREJUDICE**. But because PRO has since filed its disclosures, it may now refile its motion to dismiss.

It is so **ORDERED**.

**SIGNED this 24th day of April, 2025.**

_____
**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**